Milligan, J.,
delivered the opinion of the Court.
This case originated before a Justice of the Peace, and was transferred, by appeal, to the Circuit Court, where it was submitted to a jury, who found in favor of the plaintiff below, and the defendants appealed to this Court.
The action was judicated on a note for $116, given to D. Clift, in consideration of a horse for the “cavalry service.” This note bears date, the 20th of September, 1862, and was due and payable, at twelve months from date.
On the 3d of August, 1863, before the maturity of the note, it was regularly assigned, “without recourse,” by the payee, to Howlin, who sued for its recovery.
The proof shows, -that the words, “cavalry service,” on the face of the note, meant, “Confederate cavalry service.” It also appears, that the horse was taken from the possession of the original payee of the note, without his knowledge, or consent; and, was afterwards valued, and the note left for him at the house of one of his neighbors, who, afterwards gave it to Clift who *85 thereafter transferred it by assignment, .without recourse, to the plaintiff below.
' The Court instructed the jury, in substance, if they should believe that the horse was taken without the knowledge or consent of Clift that he was to be used in the Confederate service, and he even afterwards accepted the note, the plaintiff eould recover.
It is certainly correct, that the original payee, might have sued in tort for the horse; or, he might have waived the tort, and sued for the value of the animal, upon the facts disclosed in this record. He, however, did neither, but accepted the note, which, upon its face, was for an illegal consideration, against the public policy, laws, and Constitution of the United States, and could not, under the principles declared in the cases of Bennett vs. Chambers, 14 Howard, 38; and Wood vs. Stone, 2 Col., 309, be enforced in a Court sitting under the authority of the State of Tennessee and the United States of America.
Now, what effect had the assignment of the note, by Clift, to the plaintiff below ? The note, under the Code, was negotiable, sec. 1957, and being transferred before maturity, it would not, necessarily, come to the hands of the holder, charged with the equities which subsisted between the original parties. But, it bears upon its face enough to put the party receiving it upon his guard; and that has repeatedly been held equivalent to notice. Besides, the proof shows, the assignee of the note had actual notice of the consideration for which it was executed; and, under such circumstances, he can stand on no higher ground than the original payee.
*86 It follows, that His Honor, the Circuit Judge, erred in his instructions to the jury, and the judgment must he reversed, and a new trial awarded.